CUMBERLAND RIVER OIL COMPANY, Appellant,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, et al., Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1961.

Rehearing Denied Dec. 1, 1961.

John G. Prather, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., H. D. Reed, Asst. Atty. Gen., James J. Shannon, Jr., Atty., Dept. of Highways, Frankfort, for appellees.

Gladstone Wesley, Somerset, for Mutual Fed. Savings & Loan Assn.

PALMORE, Judge.

In this proceeding the Department of Highways has acquired by condemnation a parcel of real estate owned by Jerry Crabb and wife, Violet, on which they operated a garage, service station and restaurant. The appellant, Cumberland River Oil Company, intervened and claimed compensation for damages occasioned by the loss of a contract under which Crabb had agreed to buy from it all of his requirements for petroleum products. All parties appealed from a total, unapportioned award of $30,000 made by the county court. In circuit court the Crabbs agreed with the Commonwealth that its payment of $30,000 to the county clerk satisfied their claim in full, whereupon the litigation in that court was ended by a summary judgment dismissing Cumberland's claim on the ground that it did not have a compensable interest in the property taken. Cumberland appeals.

The contract mentioned was executed on August 20, 1955, and ran for a period of three years "and from year to year thereafter until either party notifies the other in writing 30 days before the end of any contract year of his intention to cancel," etc. It related specifically to the property that is the subject of this litigation, and referred to no other location. In it Cumberland agreed to install and maintain on the property all gasoline, diesel oil and kerosene dispensing equipment, and an air compressor, car hoist and lights, and to sell and deliver, at current market prices, all petroleum products required by the Crabbs. The agreement was fully performed by both parties until halted by the condemnation in May of 1958 and was, according to Cumberland's pleadings, worth $400 per month to it in the form of net profits. It claimed $10,000 for loss of future profits and $2,500 for expenses and loss in moving its equipment.

At once we meet the question of whether Folger v. Com., Ky.1959, 330 S.W.2d 106, applies to this situation and, if so, whether

it is sound law; if not, now is the time for us to say so.

In the Folger case, which has been decided on second appeal by an opinion handed down today, Folger v. Com., Ky., 350 S.W.2d 703, the sellers of a service station, in consideration of a $5,000 credit against the purchase price of the property, caused to be inserted in the deed an agreement that during the term of 15 years thereafter the grantee and his successors in interest would not handle for sale any petroleum products (and certain other related merchandise) except those distributed by the sellers and their successors in business. Some 10 years later the state purchased the service station property for highway purposes and discontinued its commercial use. Folger and Mathias, who had succeeded to the distributorship business of the original sellers, then sued the state claiming that their interest under the agreement was compensable and had been destroyed by the public acquisition. Accepting the principle that for purposes of eminent domain a contractual right relating to particular real property amounts to an interest in the land if it is enforceable against the promisor's successor in title and is compensable if it is not so remote as to be incapable of evaluation, we held on the first appeal that Folger and Mathias were entitled to recover.

After a careful re-examination of the foregoing conclusion we are of the opinion that even if it be conceded that the obligation created by such a contract follows the title into the hands of a purchaser of the property and represents an evaluable fragment of the market value of the whole, it does not follow that in either of these two cases the owners of the contract rights would be entitled to recover of the state, for not only must the rights be of a compensable nature, but they must also be taken or destroyed, and we have concluded that in neither case has the state disturbed these rights. On the contrary, it acquired only the title of the fee owner, and if this title was burdened the state took it subject to the restriction. It made no attempt to acquire or extinguish the outstanding contract rights.

■ There are two schools of thought as to the nature of the title acquired by a condemnation proceeding. One is that it is "an original and independent title, free of all the infirmities and encumbrances which existed at the time it was in private ownership." Nichols on Eminent Domain, Vol. 1, § 1.142, Vol. 3, § 9.01. The other is that it is "derivative, standing in place of the title as it was privately held, and clear, therefore, only insofar as the private owners have had their interests removed." Id. Under our Constitution, §§ 13, 242, prohibiting the taking of any person's interest without his being first paid just compensation, we are bound to the latter of these theories. Indeed, as between the two this is the rule more in keeping with the rights of the individual as opposed to the power of the state, for under it we cannot touch his interest without making him a party to the suit and securing to him a just compention.

Now, in the Folger case there was no condemnation proceeding at all. Still assuming, for purposes of this discussion, that the obligation followed the title, the state acquired the fee subject to the contract. Had it deferred the building of a highway and caused a service station business to be conducted on the premises for the time being, perhaps Folger and Mathias could have had redress for any violation of the contract. But at the very least the state had the same right to quit the business that its predecessor in title had, and it neither took, violated nor destroyed the contract by so doing.

Since, therefore, Folger and Mathias had no cause for recovery in either event, it was unnecessary to determine whether their contract rights ran with the land or were otherwise of a compensable nature. Pursuant to this view of the subject, Folger v. Com., Ky.1959, 330 S.W.2d 106, is overruled.

In the instant litigation the state does not seek to acquire the contract rights of the Cumberland River Oil Company, nor has it done or proposed to do anything that could not lawfully and properly have been done by the persons from whom its title derives. Hence under no theory could Cumberland have a claim against it.

Judgment affirmed.

BIRD, C. J., dissents.